Donald P. Footer and Norma L. Footer v. Commissioner.
Footer v. Commissioner
Docket No. 2355-70SC.
United States Tax Court
T.C. Memo 1971-65; 1971 Tax Ct. Memo LEXIS 267; 30 T.C.M. (CCH) 277; T.C.M. (RIA) 71065; April 5, 1971, Filed. Alan B. Shidler, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: Respondent determined a deficiency of $178.38 in petitioners' income tax for the taxable year 1968. Due to concessions by the respondent there remains one question for our decision. We are to determine whether petitioners, under the provisions of section 119, [1] are entitled to exclude from income $739 as the cost of lodging furnished for the convenience of an employer. Findings of Fact Donald P. Footer (hereinafter referred to as petitioner) and Norma L. Footer, husband and wife, were residents of Florence, Wisconsin, at the time they filed their petition herein. They filed their joint *268 Federal income tax return for 1968 with the district director of internal revenue in Milwaukee, Wisconsin. During the year in issue petitioner was employed by the United States Forest Service as a district ranger in the Nicolet National Forest. Nicolet National Forest is located in Wisconsin's northwoods country near the border with Michigan. Petitioner's personal residence is in a structure owned by the Forest Service. The dwelling is located 100 yards from petitioner's office and is on the same lot. The office faces a state highway and has a large sign in front stating "District Ranger's Office." The Forest Service, in 1968, retained from petitioner's salary a total of $739 as rent for the quarters he occupied. Petitioner excluded the amount of $739 from his income in computing his taxes for 1968. In a statutory notice dated January 19, 1970, respondent disallowed the exclusion on the grounds that petitioner had not established he was entitled to it. Opinion The position taken by petitioner is that because of the circumstances of his employment and the requirements of his job, he was, in effect, required to dwell in the Forest Service quarters as a condition of his employment *269 within the meaning of section 119. [2] Respondent asserts that under 278 the applicable Forest Service rules petitioner's occupancy is permissive and not mandatory, and, thus, he is not required to accept the lodgings as a condition of his employment. Petitioner was not present at the trial of this matter. The only evidence offered by petitioner in support of his contention was a copy of a letter dated June 15, 1970, written by petitioner to the Assistant Regional Commissioner (Appellate). Contained *270 in the letter is a description of petitioner's duties as district ranger. The letter was submitted to the Court by respondent's counsel at the request of petitioner. Since petitioner did not appear at trial he could not vouch for the assertions of fact made in the letter nor could he be cross examined under oath by respondent. Consequently the letter is only an ex parte statement and cannot be accepted as evidence. Rule 31(f), Tax Court Rules of Practice.
Perhaps if the petitioner had appeared in court and testified, he might have been able to demonstrate that the nature of his duties and the practical conditions of his employment were such that he, in effect, was required to live on his employer's premises. Treasury Regs. section 1.119-1(b); S. Rept. No. 1622, 83d Cong., 2d Sess., p. 190 (1954). [3] However that may be, there is presently no evidence before the Court upon which a determination could be made for the petitioner. Accordingly, respondent's determination that petitioner is not entitled to exclude $739 from his 1968 income as the cost of lodging furnished for the convenience of his employer is sustained. *271 In accordance with the foregoing and because of concessions by the respondent, Decision will be entered under Rule 50. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER. There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if - * * * (2) In the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment. In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation.↩
3. The legislative history at the cited reference states that: "The phrase 'required as a condition of his employment' means required in order for the employee to properly perform the duties of his employment." See also, Manuel G. Setal, T.C. Memo. 1961-156; Alsen E. Inman, Jr., T.C. Memo. 1970-264↩.